# In the United States Court of Federal Claims

No. 11-455C
(Filed under seal September 26, 2012)
(Reissued September 27, 2012)[1]
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                               *
EAST WEST, INC.,                               *
                                               *
                    Plaintiff,                 *
                                               *
        v.                                     *
                                               *
THE UNITED STATES,                             *
                                               *
                    Defendant.                 *
                                               *
* * * * * * * * * * * * * * * * * * * * * * * *
```

**ORDER**

As announced on the record during the status conference held on September 26, 2012, and as will be discussed in greater detail in a forthcoming opinion, the Court has concluded that plaintiff is entitled to judgment on the administrative record and to a permanent injunction.

First, the Court finds that the December 22, 2009 debriefing letter, AR Tab 19 at 1716, misled plaintiff --- in violation of the Federal Acquisition Regulation provision governing debriefings, 48 C.F.R. § 15.506 --- by effectively informing it that its proposal contained too many housekeeping staff. The agency has a responsibility to provide accurate, non-misleading information to offerors in debriefings, particularly where, as here, it was on notice that a protest was imminent and thus there was a good chance the debriefing was not the final stage of the procurement process. Once corrective action was adopted that involved the submission of revised proposals, *see* AR Tab 19 at 1719, the agency had an obligation to correct any misleading communications with offerors. Merely dropping references to the weakness in the May 21, 2010 debriefing, *see* AR Tab 26 at 1759-60, did not accomplish this.

It is apparent that, at least by the time of the 2010 evaluations, the agency had changed its mind concerning the adequate level of staffing for the contract, as another offeror's level of [XXX] full-time equivalents ("FTEs") was found to be insufficient to meet the requirements, AR

---

[1] This order was originally filed under seal, with the parties given the opportunity to suggest redactions. Plaintiff proposed none, and defendant requested that information pertaining to details of another offeror's proposal be redacted. That information has been replaced in the following manner: "[XXX]." The order is reissued with one minor, non-substantive alteration.

Tab 8 at 600 (evaluation of [XXX]), yet this was [XXX] more than East West had previously proposed, *see* AR Tab 19 at 1627-28, when it received the highest techincal score in the 2008 evaluation. Since the agency effectively told the plaintiff in the December 22, 2009 letter that 127 FTEs were too many, once this information was no longer accurate, the agency had a duty to correct it. *See AshBritt, Inc. v. United States*, 87 Fed. Cl. 344, 372-73 (2009).

Second, the Court also finds that the agency was arbitrary in its evaluation of East West's proposed methods of communication, *see* AR Tab 3 at 90. The Technical Evaluation Panel found that plaintiff's "proposal does not address the need for immediate telephone access except . . . in their emergency plan," and that "[d]aily interactions in person and by telephone . . . are not addressed in the East West discussion of communications." AR Tab 8 at 592. The Competitive Range Determination recounts these findings, although the reference to the emergency plan is dropped. *See* AR Tab 9 at 615. The Court has determined that these findings are contradicted by objective evidence in the record, and are also the product of inconsistent subjective judgments. *See USfalcon, Inc. v. United States*, 92 Fed. Cl. 436, 462 (2010).

Within the "Communication" section of East West's proposal, plaintiff clearly states that "[o]n-site supervisory personnel will be equipped with the top of the line hand held communication devices, such as cellular phones," AR Tab 4 at 132, and provides a graphic showing how its Automated Central Command System allows managers to receive clients' calls within two minutes and to respond within thirty minutes, *see id.* at 133. Moreover, it was arbitrary for the agency to ignore East West's discussion of the ability of clients to contact management staff 24 hours a day, 7 days a week, because that discussion was within the "Emergency Plan" section of the proposal, *see id.* at 134-35, when the agency considered as a detriment the language concerning "inviting a customer to lunch or a sporting event," which was contained in an exhibit, *see id.* at 357 (Exhibit 4), that was not even referenced in the "Communication" section of the proposal, *see id.* at 131-32. The Court notes that in addition to proposing the use of cell-phones, East West proposed that its supervisory personnel submit daily inspection reports to NIH facility staff, AR Tab 4 at 157, and also proposed that its project manager meet on a daily basis with NIH facility staff, *id.* at 168. Thus, East West proposed both telephone access and daily interactions with agency personnel. The agency acted arbitrarily by ignoring these proposal features when evaluating plaintiff's proposed methods of communication.

The Court also finds that the agency's misleading statements and arbitrary evaluation of East West's proposal prejudiced plaintiff. After being informed that its failure to reduce the number of housekeeping staff was a weakness, plaintiff reasonably chose to reduce their number in its subsequent proposal --- although by then the agency was apparently of the view that East West initially proposed too few staff. This was the primary revision in its proposal, and it concerned staffing --- which was not only an element under the Technical Approach subfactor, worth 50 points, but, in the words of the government, "was also the main consideration for the 'Personnel' sub-factor," Def.'s Reply in Supp. of Cross-Mot. at 9, worth another 20 points in the evaluation. East West's score in these two categories dropped from 64 to 33 points, *see* AR Tab 8 at 587; AR Tab 10 at 641, and it received 24 fewer points than the lowest-rated offeror in the

current competitive range, s*ee* AR Tab 9 at 614 --- and 17 below the previous competitive range cut-off, *see* AR Tab 14 at 1542.  The arbitrary evaluation of plaintiff's proposed methods of communication affected the Technical Approach score, which for East West dropped from 46 to 24 points.  *See* AR Tab 8 at 587; AR Tab 10 at 641.

Although it is true that two separate evaluations of the identical proposal may legitimately result in a wide disparity in scoring, provided a rational basis is articulated for each evaluation, it is impossible to know the score that East West would have received had it not altered its staff levels in response to the misleading statements, and had the agency not arbitrarily evaluated the proposed methods of communication.  First-guessing, no less than second-guessing, is not the proper function of courts hearing bid protests.  For purposes of prejudice, it is enough that the points dropped in the subfactors affected by the arbitrary and unlawful actions would have been sufficient to place plaintiff among the most highly-rated offerors, *cf. Beta Analytics Int'l, Inc. v. United States*, 67 Fed. Cl. 384, 407-08 (2005) (estimating impact on scores in the context of a challenge to a contract award) --- and here they were.[2]  Accordingly, plaintiff had a substantial chance at being included in the competitive range but for the arbitrary and unlawful actions by the agency, and thus has suffered a non-trivial competitive injury.  The Court concludes that plaintiff's motion for judgment on the record should be **GRANTED**, and the government's cross-motion should be **DENIED**.

Turning to the question of East West's entitlement to injunctive relief, by winning on the merits, plaintiff satisfies the first factor of the applicable, four-factor test.  *See Centech Grp., Inc. v. United States*, 554 F.3d 1029, 1037 (Fed. Cir. 2009).  By being arbitrarily excluded from the competitive range, plaintiff has been irreparably harmed, as it cannot receive damages for the loss of a fair opportunity to compete for a government contract, and the resulting profits.  *See MORI Assoc., Inc. v. United States*, 102 Fed. Cl. 503, 552-53 (2011).  The balance of potential harms favors East West, as no harm has been identified by the government that would offset the harm to plaintiff in being arbitrarily excluded from a competitive range.  Indeed, the public interest is served by restoring East West to the competition for the subject contract, as a rational procurement process is thereby facilitated.  The Court concludes that all four injunctive relief factors have been satisfied by plaintiff, and East West's motion for a permanent injunction is **GRANTED**.

Accordingly, **IT IS ORDERED** that the United States, including the Department of Health and Human Services, the National Institutes of Health, its Contracting Officer, and its other officers, agents, servants, employees, and representatives, and all persons acting in concert and participating with them respecting the procurement under Request for Proposals No. 263-2008-P(GG)-0238, are hereby PERMANENTLY RESTRAINED AND ENJOINED from

---

[2]  The Court also notes that the other significant weaknesses identified in East West's proposal by the Competitive Range Determination of March 4, 2011, AR Tab 9 at 614-15, had their counterparts in the the proposals of offerors in the competitive range.  *See, e.g.*, AR Tab 8 at 608 (sound levels and quality control); AR Tab 12 at 883, 885-87 (conventional chemicals and steel wool); AR Tab 13 at 1221-23, 1229, 1231-32, 1241-42 (sound levels).

excluding East West, Inc. from the competitive range of offerors seeking a contract under Request for Proposals No. 263-2008-P(GG)-0238, based on the December 2010 technical evaluation of East West's proposal and on the Competitive Range Determination of March 4, 2011; and must allow East West to submit a revised proposal for evaluation and full consideration, in accordance with all applicable laws and regulations, prior to awarding a contract under Request for Proposals No. 263-2008-P(GG)-0238.

      For the foregoing reasons, the Court **GRANTS** East West's motions for judgment on the administrative record and for injunctive relief, and correspondingly **DENIES** the government's cross-motion for judgment on the administrative record. The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

                                        s/ Victor J. Wolski
                                        **VICTOR J. WOLSKI**
                                        Judge